**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MIGUEL ANGEL HERNANDEZ RIVERA,

        *Petitioner*,

v.                                  Case No. 3:25-cv-1609-WWB-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        *Respondents.*

_____/

## <u>ORDER</u>

Petitioner, an immigration detainee, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus. (Doc. 1). The Federal Respondents (Field Office Director, Jacksonville Sub Field Office; Field Office Director, Miami Field Office; Secretary Kristi Noem, and Attorney General Pam Bondi,) filed a Response. (Doc. 10). Respondent Warden Woodall filed a Motion to Dismiss (Doc. 16), arguing he is not a proper respondent in this case. Petitioner filed a counseled reply. (Doc. 13). Petitioner has also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9), which raises the similar allegations as those in the Petition; and a Motion to File an Amended Petition (Doc. 17).

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at an unknown place and time. (Doc. 10-1 at 1). On November 12, 2025, Marion County Sheriff's Office encountered Petitioner during a traffic stop and transferred Petitioner into the custody of Immigration and Customs Enforcement ("**ICE**") the same day. (Doc. 10 at 2). Also, on

that day, ICE issued a Notice to Appear charging Petitioner as an alien present in the United States who has not been admitted or paroled. (Doc. 10-1). On December 3, 2025, an immigration judge denied Petitioner bond, and he remains in ICE custody. (Doc. 1 at 6).

In his Petition, Petitioner argues that is entitled to release on bond because he is a member of the bond eligible class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *final judgment entered*, 2025 WL 3713982 (C.D. Cal.). (Doc. 1 at 8). He further argues that by denying him a bond hearing and subjecting him to mandatory detention under § 1225(b)(2), Respondents are violating his rights under the Immigration and Nationality Act ("**INA**"). (*Id.*).

Federal Respondents argue that the Court lacks jurisdiction to entertain the Petition; Petitioner failed to exhaust his administrative remedies; and in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2) and *Maldonado Bautista* does not apply. (*See generally* Doc. 10).

In his Reply, Petitioner opposes Federal Respondents' jurisdictional and exhaustion arguments; and seemingly asserts that the primary substantive issue for the Court's consideration is that § 1226(a) governs Petitioner's detention and he is entitled to relief under *Bautista*. (*See generally* Doc. 13).

## II.    DISCUSSION

As to Federal Respondents' jurisdictional arguments, the Court has already considered and rejected those same claims. *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Security*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (Doc. 23) (finding neither § 1252(g) nor § 1252(b)(9) bar the petitioner's

challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)). Also, the Court need not address Federal Respondents' exhaustion argument because the Petition will be denied on the merits. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."). To that end, the Court turns to the merits of Petitioner's claims.

### A. *Bautista*

Petitioner's primary argument is that he is entitled to relief as a member of the certified class announced in *Bautista*. But the Court finds that the decision in that case is not binding on this Court. Indeed, since the filing of this case, the Ninth Circuit has stayed, pending appeal, the district court's December 18, 2025 declaratory judgment insofar as it extends beyond the Central District of California. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir.) (Doc. 5). Likewise, even the *Bautista* court acknowledged the limitations of its jurisdiction. *See Bautista*, 2025 WL 3713987, *29–30 ("The court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district."). Indeed, absent the application of res judicata or collateral estoppel, a district court is not bound by the judgment of another district court. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004). Res judicata applies only when the cases "involve the same parties or their privies." *See S. River Watershed All., Inc. v. Dekalb Cnty.*, 69 F.4th 809, 815 n.1 (11th Cir. 2023) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).

3

As Petitioner was not a party to the *Bautista* case, res judicata does not apply.  Moreover, offensive collateral estoppel is not available against the government.  *See Calderon Lopez v. Lyons*, No. 1:23-CV-226, 2025 WL 3683918, at *12-13 (N.D. Tex. Dec. 19, 2025). As such, this claim is without merit.

    **B.**    **§ 1225 versus § 1226**

Also, to the extent the underlying premise of Petitioner's claim is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2), that claim is also without merit.

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )."  8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287 (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission (internal quotation marks and citation omitted)).  Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country.  *Jennings*, 583 U.S. at 287.  Certain applicants are subject to expedited removal.  *See* 8 U.S.C. § 1225(b)(1).  But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]."  *Jennings*, 583 U.S. at 288.  There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission." *See* 8 U.S.C. § 1226. Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2) (emphasis added).

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years. While the Eleventh Circuit has yet to address the issue, other courts have addressed whether noncitizens in similar scenarios properly fall under § 1225 or § 1226. And here, the Court adopts the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits. *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous, thus an "alien present in the United States who has not been admitted" "shall be detained"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–508 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention); *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Federal Respondents contend.

To the extent Petitioner claims his detention violates his due process rights under the Fifth Amendment and the INA, "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings. *See id.* If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs. *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026). As such, Petitioner's mandatory detention under § 1225(b)(2) neither violates the INA nor the Fifth Amendment's Due Process Clause.

## III.   MOTION TO AMEND

Petitioner seeks to file an amended petition because "since the filing of the original Petition, there have been legal developments affecting the framework governing immigration detention challenges[, including [t]he Fifth Circuit's decision *in Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Circ. Feb. 6, 2026) . . . ." (Doc. 17 at 2). He wishes that the amended petition accurately reflect the current law and statutory issues before the Court. (*Id.*). But this Order addresses the Fifth Circuit's decision in *Buenrostro-Mendez* along with other current case law. As such, any amendment would be futile in that it would not change the Court's analysis here. *Faulds v. Hemingway*, 685 F. Supp. 3d 496, 499-500 (E.D. Mich. Aug. 1, 2023) (denying motion to amend § 2241 as futile because any amendment would not change the court's conclusion).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

6

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

2. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9) is **DENIED as moot**.

3. Respondent Warden's Motion to Dismiss (Doc. 16) is **DENIED as moot**.

4. Petitioner's Motion to Amend (Doc. 17) is **DENIED**.

5. The Clerk shall enter judgment denying the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    counsel of record